IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alfonzo Lee Joe, ) | C/A No.: 1:14-639-DCN-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Warden, Federal Correctional Institution ) | |
| Estill, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Alfonzo Lee Joe is a federal inmate housed at Federal Correctional Institution ("FCI") Estill who has submitted this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice.

I.     Factual and Procedural Background

Petitioner challenges drug and firearm convictions in the United States District Court for the Middle District of Florida.[1]  [Entry #1 at 3].  Petitioner indicates that he entered a guilty plea to the offenses on May 8, 2009, and the district court imposed

---

[1] Petitioner states that his convictions were for (1) distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B), and (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). [Entry #1 at 2–3].

consecutive sentences totaling 180 months on September 3, 2009.  *Id.*  Petitioner states that he did not directly appeal or collaterally challenge the sentences or convictions.  *Id.*  Petitioner now files the instant petition seeking habeas relief pursuant to 28 U.S.C. § 2241.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes.  Pro se complaints are held to a less stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently

---

[2]  The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241.  *See* Rule 1(b).

2

cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

### B. Analysis

#### 1. A challenge to a federal conviction is properly brought pursuant to 28 U.S.C. § 2255

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Prior to the enactment of § 2255, federal prisoners could collaterally attack a federal conviction through a petition for a writ of habeas corpus pursuant to § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). However, "a number of practical problems, among which were difficulties in obtaining records and taking evidence in a district far removed from the district of conviction . . . led Congress to enact § 2255, 'which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently.'" *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000) (quoting *Triestman*, 124 F.3d at 373); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997) (collecting cases). "[T]he remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy," and "supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention." *Rice v. Lamanna*, 451 F. Supp. 2d 755, 761–62 (D.S.C. 2006) (quotation omitted). In this case, Petitioner seeks relief from his federal sentences and convictions. Thus, the relief

Petitioner requests is only available, if at all, under § 2255, unless that statute is shown to be inadequate and ineffective to test the legality of his detention. *See In re Jones*, 226 F.3d at 333.

> 2. Petitioner does not demonstrate that § 2255 would be inadequate or ineffective to test the legality of his detention

To challenge his federal convictions and sentences under § 2241, Petitioner must satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001); *Ennis v. Olsen,* 238 F.3d 411 (4th Cir. 2000). Petitioner indicates that he has not filed a direct appeal or motion to vacate, set aside, or correct his sentences under § 2255. [Entry #1 at 3]. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Additionally, Petitioner fails to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of his detention. In *In re Jones,* the court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the

4

legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d at 333–34. Petitioner fails to demonstrate that the conduct for which he was convicted has been deemed non-criminal by any substantive law change.

Instead, Petitioner attempts to invoke § 2255's savings clause based on the Supreme Court's ruling in *McQuiggin v. Perkins*, --- U.S. ----, 133 S. Ct. 1924, 1934 (2013), which held that a showing of actual innocence can be a ground for equitable tolling of the AEDPA's one-year period of limitation for filing an application for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). However, Petitioner provides no facts to indicate that any substantive law change made the conduct for which he was convicted non-criminal. Therefore, Petitioner's assertion that he is actually innocent of the § 924(c) firearm offense [Entry #1 at 4–6] is insufficient to invoke the savings clause embodied in § 2255, and this case is subject to summary dismissal. *See United States v. Barajas*, No. 5:13CV80574, 2013 WL 5720339, at *2 (W.D. Va. Oct. 18, 2013) (finding actual innocence claim based on *McQuiggin* ineligible for consideration under § 2241); *see also Griffin v. Longley*, No. 13-60105, 2013 WL 6234581, at *1 (5th Cir. Dec. 3, 2013) (rejecting federal inmate's attempt to proceed under the savings clause with claims based on *McQuiggin*).

        3.      Petitioner has not demonstrated exhaustion of administrative remedies

Although § 2241 itself does not contain an exhaustion requirement, courts typically require a federal prisoner to exhaust his administrative remedies before bringing a claim under that statute. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490 (1973) (requiring exhaustion in a § 2241 action); *McClung v. Shearin*, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)); *see also* 28 C.F.R. § 542.10. In the instant case, Petitioner fails to demonstrate an exhaustion of administrative remedies for the grounds raised in this petition.

        4.      Re-characterization of the claim as a § 2255 motion would not serve the interests of justice

Petitioner is well beyond the one-year statute of limitations for filing a § 2255 motion in the sentencing court. *See* 28 U.S.C. § 2255(f). Therefore, the undersigned concludes that it is not in the interest of justice to re-characterize Petitioner's claim as a § 2255 motion and/or transfer this case to the sentencing court. *Cf. Shaw v. United States*, No. 09-8186, 2011 WL 915814 (4th Cir. March 17, 2011). To the extent Petitioner wishes to make an equitable tolling argument pursuant to *McQuiggin*, he may do so by seeking relief in the sentencing court.

III.    Conclusion and Recommendation

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice.

IT IS SO RECOMMENDED.

March 14, 2014                                          Shiva V. Hodges
Columbia, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).